# Exhibit A

## IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE
## AT LEBANON

EARNESTINE MOSHIER )
)
    Plaintiff, )
)
v. )    **Docket No: 21CV608**
)
PROVIDENCE TRAIL APARTMENTS, )
BR PROVIDENCE NASHVILLE )
MANAGER, LLC, d/b/a )
BR PROVIDENCE NASHVILLE, LLC, )
BLUEROCK REAL ESTATE, LLC, )
BELL PARTNERS INC., )
BELL PARTNERSHIP LLC )
and 146 RYAN, LLC, )
)
    Defendants. )

## AMENDED COMPLAINT

Comes now the Plaintiff, by and through counsel, and would respectfully submit to the Court the following Complaint:

1.    The Plaintiff, Earnestine Moshier, is a resident of the State of Tennessee, residing in Wilson County.

2.    The Defendant, Providence Trail Apartments is a company conducting business in the State of Tennessee. Its office is located at and can served a representative and or agent there at 2500 Aventura Drive, Mt. Juliet, TN 37122.

3.    The Defendant, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC., is a limited partnership company conducting business in the State of Tennessee. Its principal office is located at 1345 Avenue of the Americas, FL 32, New York, NY 10105. It can be served through its registered agent, Corporation Service Company, at the address 2908 Poston Ave Nashville, TN 37203-1313.

4. The Defendant, Bluerock Real Estate, LLC., is a limited partnership company conducting business in the State of Tennessee. Its principal office is located at 27777 Franklin Road, Suite 90, Southfield, MI 48034. It can be served through its registered agent, CSC Lawyers Incorporating Service, at 2900 West Road, Suite 500, East Lansing, MI 48823.

5. The Defendant, Bell Partners Inc., is a for-profit Corporation-Foreign company conduction business in the State of Tennessee. Its principal office is located at 300 N. Greene St. Greensboro, NC 27401. It can be served through its registered agent, C T Corporation System 300 Montvue Rd. Knoxville, TN 37919.

6. The Defendant, Bell Partnership LLC., is a limited liability company conducting business in the State of Tennessee. Its principal office is located at 8545 Cordes Circle Germantown, TN 38139. It can be served through its registered agent, William M Bell III, at 8545 Cordes Circle Germantown, TN 38139.

7. The Defendant, 146 Ryan LLC., is a limited partnership company conducting business in the State of Tennessee. Its principal office is located at 2715 North Thompson Road NE, Atlanta, GA, 30319. It can be served through its registered agent, Peter John Dooley, at 2715 North Thompson Road NE, Atlanta, GA, 30319.

8. At all times material to this cause of action, Plaintiff, Earnestine Moshier, was on the property owned, operated, and controlled by the Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC, located at 2500 Aventura Drive, Mt. Juliet, TN 37122.

9.     This Complaint concerns an incident which occurred at the property in Wilson County, TN, located at 2500 Aventura Drive, Mt. Juliet, TN 37122, also identified as Providence Trail Apartments.

10.     The amount in controversy is a fair, just, and equitable amount to be decided by the trier of fact after hearing all of the evidence at trial.  Pursuant to Tenn. R. Civ. P. 8.01 and 15.02, the amount awarded by the trier of fact shall not exceed $500,000.00 for compensatory damages to the Plaintiff, Earnestine Moshier.

11.     On or about February 13, 2021, the Plaintiff, Earnestine Moshier, was walking in the breeze way of Providence Trail Apartments when she slipped on ice. There were no signs or warnings of the hazardous conditions and Plaintiff, Earnestine Moshier, suffered serious injuries as a result of this dangerous condition.

12.     The Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC created this dangerous condition by not salting the breeze ways of their complex.

13.     The Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC, through their officers, agents, employees, and servants knew or should have known that not salting the breeze ways created a hazardous area that could result in harm. This constitutes a reasonably dangerous condition.

14.     The Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC through their officers, agents, employees, and servants

knew or should have known that the dangerous condition posed an unreasonable and foreseeable risk of injury to the Plaintiff, Earnestine Moshier, other residents, and others who visited this property. The Defendants are negligent in that they created the danger and failed to notify, inform, or warn the Plaintiff, Earnestine Moshier, or other residents about the hazardous and unreasonably dangerous condition.

15.     The Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC through their officers, agents, employees, and servants were negligent in that they failed to maintain the premises in a reasonably safe condition and the serious injuries the Plaintiff, Earnestine Moshier, suffered were a direct and foreseeable result of the Defendant's breach of its duty to maintain its premises in a reasonably safe condition.

16.     Through the above-listed acts and omissions, the Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC failed to use the ordinary care that ordinarily careful persons would use to avoid injury to others under the same or similar circumstances.

17.     Through the exercise of ordinary care, Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC knew or should have known of the unsafe condition of the breeze way and should have corrected the condition before Plaintiff, Earnestine Moshier's, injury. The condition was created by Defendants and existed long enough that the Defendants, using ordinary care, should have discovered, and corrected the unsafe condition even if they did not create the condition.

18.     On the date specified, having unsalted breeze ways was dangerous, hazardous and unsafe creating an unreasonable risk of harm.

19.     On the date specified, the Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC were responsible for the negligent acts and/or omission of their employees, agents, and representatives as set forth herein pursuant to respondent superior.

20.     On the date specified the Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC and their employees, agents, and representatives created a hazardous, dangerous, and unsafe condition as they were in control of the area and created a risk of harm and/or knew or should have known that it created an unreasonable risk of harm and proximately caused the Plaintiff, Earnestine Moshier, to suffer personal injuries.

21.     On the date specified the Defendants, Providence Trail Apartments, BR Providence Nashville Manager, LLC, d/b/a BR Providence Nashville, LLC, Bluerock Real Estate, LLC, Bell Partners Inc., Bell Partnership LLC, and/or 146 Ryan LLC and their employees, agents, and representatives were negligent in that they: (a) did not salt the breeze ways and/or failed to notice the ice in the breeze ways, resulting in a dangerous, and unsafe conditions in a timely manner; and/or (b) knew or should have known the unsalted breeze ways would create a dangerous, hazardous, and unsafe condition on the premises; (c) failed to provide warning signs and/or notice regarding the condition that was hazardous, dangerous, and unsafe condition on the premises; (d) created said hazardous, dangerous, and unsafe condition and failed to address it and make it safe in a timely manner; (e) failed to properly and timely inspect the breeze ways, and/or where the

Plaintiff, Earnestine Moshier, was injured and address the hazardous, dangerous, and unsafe condition in a timely manner; (f) failed to exercise due and reasonable care.

22. The Plaintiff alleges that as a direct and proximate result of one or more acts of negligence or recklessness of the Defendants, the Plaintiff, Earnestine Moshier, suffered and continues to suffer injuries and damages as follows: pain and suffering, future pain and suffering, medical expenses, future medical expenses, loss of income and future earning capacity, permanent impairment, disfigurement, and loss of enjoyment of certain employment, social and recreational activities.

23. Pursuant to Tenn. Code Ann. § 24-5-113, the Plaintiff avers that reasonable and necessary medical expenses have been incurred as a result of the Defendants' negligence, negligence per se, or recklessness. Pursuant to statute, an itemization of reasonable and necessary medical expenses and copies of Plaintiff's medical bills are attached to this Complaint as Exhibit A.

24. As a result of the injuries suffered and damages incurred by the Plaintiff, the Defendants are liable to the Plaintiff for the aforementioned losses.

### PREMISES CONSIDERED, THE PLAINTIFFS PRAY:

1. That process issue and the Defendants be required to respond under the Tennessee Rules of Procedure.

2. That the Plaintiff be awarded a sum to be proven at the time of trial for damages caused by the Defendants, but not to exceed $500,000.00.

3. That the cost of this action be taxed to the Defendants.

4. For such other, further and general relief which may be deemed by this Honorable Court to be appropriate.

Respectfully submitted,

_____
L. Mackenzie Cover, BPR #036773
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776

# IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE
## AT LEBANON

| | |
|---|---|
| **EARNESTINE MOSHIER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **PROVIDENCE TRAIL APARTMENTS,** | ) |
| **BR PROVIDENCE NASHVILLE** | ) |
| **MANAGER, LLC, d/b/a** | ) |
| **BR PROVIDENCE NASHVILLE, LLC,** | ) |
| **BLUE ROCK REAL ESTATE, LLC,** | ) |
| **and RYAN, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

Docket No: 21-CV-608

**FILED**

**A.M.** DEC 2 0 2021 **P.M.** 3:44

DEBBIE MOSS, CIRCUIT COURT CLERK
WILSON COUNTY, TN

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANT PROVIDENCE TRAIL APARTMENTS

I hereby serve upon the Defendant, Providence Trail Apartments, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)    If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefore.

## INTERROGATORIES

1.    For the person or persons answering these Interrogatories, please state your full name, age and date of birth, current address, and any prior addresses at which you have lived during the past ten years. For each prior address, state the duration you lived there and why you moved. If more than one person participated in answering these Interrogatories, please state which Interrogatories each person answered.

**RESPONSE:**


2.    For each person or persons answering these Interrogatories, please state your position of employment and your relationship to the Defendant, Providence Trail Apartments.

**RESPONSE:**


3.    Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

4.    State when incident or injuries which are the subject of this Complaint first came to the attention of the Defendant, Providence Trail Apartments, or any representatives of Defendant, by whom it was reported, and to whom it was reported. Please state whether any incident report, report of injury, insurance claim report, or incident report(s) was filled out, and provide a copy of said report(s).

**RESPONSE:**


5.    State whether or not any statement, interview, or report has been secured from the Plaintiff in connection with this matter, by the Defendant, Providence Trail Apartments, or any agent of the Defendant, including insurance companies. If so, please identify the date, place, and time the statement, interview, or report was taken; the name and address of the persons connected with taking it; whether the statement was oral, written, taped, recorded, or transcribed; whether it was signed; and upon whose behalf the statement, interview, or report was taken or made. Please attach a copy of any recorded or written statement taken from the Plaintiff. If no recorded or written statement was kept, please provide a detailed description of all information provided to you by the Plaintiff.

**RESPONSE:**


6.    Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information relating to either the alleged incident itself or to either the Plaintiff's or your claims for damages in this lawsuit. As part of your response, for each

witness so identified briefly describe what discoverable evidence or information said witness is believed to know.

**RESPONSE:**


7.     Identify all persons who the Defendant, Providence Trail Apartments, believes to be in possession of, or to have knowledge of, any map, picture, photograph, drawing, or other document relevant to any issue or fact concerning the incident, including the Plaintiff's injuries or any claim that the Plaintiff or some other entity was at fault for said injuries. In identifying said persons, specify name, address, telephone number, and relationship to any party.

**RESPONSE:**


8.     Describe in detail every other incident or injury which has occurred on the common areas of the premises of the Defendant, Providence Trail Apartments, during any time when said premises have been under the possession or control of the Defendant within the last ten years. Include the date, time, the nature of any alleged injuries, the alleged cause of said injuries, whether any claim or Complaint was filed or reported against Providence Trail Apartments, and if so, the disposition of said claim or Complaint.

**RESPONSE:**

9.     Do you have any knowledge or belief about the origin of the condition of the breeze way on the premises in which Plaintiff claims that she fell at the time of Plaintiff's fall? If so, please fully describe this knowledge including the name, home address, telephone number and employer of the person or persons who may have salted the breeze way preceding the fall or known about the condition of the breeze way prior to the Plaintiff's fall.

**RESPONSE:**


10.    Please state the names and addresses of every person known by Defendant, Providence Trail Apartments, Defendant's representatives, or Defendant's attorneys to have witnessed the incident which is the subject of this Complaint, or who were present at the scene within sixty minutes before or after the incident. Designate which of such people claim to have witnessed the incident.

**RESPONSE:**


11.    State whether any maintenance or repairs were made to the area of the premises in which the Plaintiff claims to have fallen which are the subject of this Complaint within three months prior to the incident which is the subject of this Complaint, and if so, state:

(a)    The date of said maintenance or repair;

(b)    The name and address of the person or entity who performed the maintenance or repair;

(c)     The specific nature, in detail, of the maintenance or repair, including the specific location on the premises where the repair was done.

**RESPONSE:**

12.     State whether any maintenance, repairs, or changes have been made to the premises at or near the breeze way (in which Earnestine Moshier claims to have fallen) subsequent to the incident which is the subject of this Complaint, and if so, state:

(a)     The date of said maintenance, repair, or change;

(b)      The name and address of the person or entity who performed the maintenance, repair, or change;

(c)      The specific nature, in detail, of the maintenance, repair, or change, including the location on the premises where the repair was done.

As part of your response, specifically identify whether any action has been taken to salt the breeze way described in Plaintiff's Complaint. If so, describe what action was taken, when said action was taken, and all persons involved.

**RESPONSE:**

13.     List each of the following:

(a)     The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, incident reports, voice recordings, medical proof of claim forms, reports, or memoranda in any way concerning the incident.

(b)     The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**

14.     For each person whom you expect to call as an expert witness at trial, whether the witness is a retained expert or non-retained expert, please state the following:

(a)     The expert's full name, business address and telephone number;

(b)     The expert's occupation;

(c)     The subject matter on which the expert is expected to testify and the expert's hourly deposition fee;

(d)     The substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion; and

(e)     The expert's qualifications to give an opinion (if such information is available on the expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

**RESPONSE:**


15.     List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon incident sites or related factors who have inspected, observed, or otherwise been in contact with the premises upon which the incident which is the subject of this Complaint occurred. Please also give the dates on which such persons observed the incident site premises and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**

16.    With regard to the incident, injuries or incident alleged in the Complaint, state in detail, and in your own words, your understanding of how the Plaintiff's fall and injuries occurred.  Your response must include the following:

(a)    Where on the premises the Plaintiff was at the time of the fall;

(b)    What caused the fall to occur;

(c)    Who was present when Plaintiff was injured;

(d)    Who was notified of the Plaintiff's injury;

(e)    What kind of injuries Plaintiff suffered as a result of the fall, and whether Plaintiff received medical treatment for said injuries.

**RESPONSE:**

17.    Describe in detail any conversation or discussion the Defendant, Providence Trail Apartments, or any agent or employee of the Defendant, may have had with the Plaintiff, witnesses, or other persons regarding the incident which is the subject of this Complaint or the Plaintiff's injuries.  Your response must include the names of all parties to the conversation, if known, as well as a recitation of what was said.

**RESPONSE:**

18.    Have you, or any person acting on your behalf, obtained any letter, note, correspondence, computer report, official record, or other document or record relating to

the medical condition of the Plaintiff or any prior incidents or injuries which may have involved the Plaintiff? If so, identify such document or record.

**RESPONSE:**

19. Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff to this action? If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts. Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff, made by the individuals identified in response to this Interrogatory. Please note that this Interrogatory is continuing in nature and must be supplemented promptly if any attempt is made before trial to survey, observe, photograph, and/or record the Plaintiff by any means.

**RESPONSE:**

20. Please state the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**

21. Is it your contention that any negligence or fault on the part of the Plaintiff caused or contributed to the incident or injuries which are the subject of this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

22.     Is it your contention that any negligence or fault on the part of any person or entity not already a party to this action caused or contributed to the incident or injuries which are the subject of this Complaint? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

23.     Is it your contention that Plaintiff's incident or injuries were related to or caused by a hazard on Defendant, Providence Trail Apartments premises which was obvious? If so, identify and describe in detail every fact which supports your contention, and state how long the open and obvious hazard or condition had existed on Defendant's premises. If your reply is that Defendant does not know how long the open and obvious hazard existed on the premises, explain in detail why Defendant does not know how long the hazard existed on the premises.

**RESPONSE:**

24.     Is it your contention that Plaintiff's injuries and/or medical treatment is not causally related to her fall on the Defendant, Providence Trail Apartments premises? If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**

25.    Please specify the last date and time when the area of the premises in which the Plaintiff claims to have fallen was inspected by the Defendant, Providence Trail Apartments, or on the Defendant's behalf prior to the incident which is the subject of this Complaint, as well as the first time the premises were inspected by the Defendant or on the Defendant's behalf subsequent to said incident.  As part of your response, identify the name and address of the person who conducted said inspection.

**RESPONSE:**

26.    Please provide the name, home address, telephone number, and current employer (if known) of all persons working in the capacity of a security guard on the Defendant's premises at the time of the incident alleged in the Complaint.

**RESPONSE:**

## PLAINTIFF'S FIRST REQUEST FOR
## PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff requests that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.     Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.     Please produce copies of any and all photographs, diagrams, maps, movies, or videos in your possession that depict the area of the premises in which the Plaintiff claims to have fallen. State when, where, why, and by whom said materials were taken or drawn.

**RESPONSE:**

3.     Please produce all documents and exhibits, photographs, movies, video tapes, charts, recordings, or maps on which you are relying to answer the above Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter.

**RESPONSE:**

4.     Please produce all documents, exhibits, photographs, movies, videotapes, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiff either before or after the incident that is described in the Complaint.

**RESPONSE:**

5.      Please produce all bills or estimates for maintenance to the breeze way in which Plaintiff claims to have fallen, from 6 months prior to the incident which is the subject of this Complaint to present.

**RESPONSE:**

6.      If you intend to call an expert witness (witnesses) to testify in this case, please produce the following with respect to each such witness:

(a)     A current and complete resume or curriculum vitae for the witness;

(b)     A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response;

(c)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile liability insurance companies during the ten (10) year period immediately preceding your response.

(d)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and

trial testimony for all plaintiffs and/or plaintiffs law firms during the ten (10) year period immediately preceding your response.

(e)    All raw facts, information, and/or data, including all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(f)    Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

Respectfully submitted,

L. Mackenzie Cover, BPR # 036773
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendants.

2/20/21
Date

L. Mackenzie Cover

## IN THE CIRCUIT COURT FOR WILSON COUNTY, TENNESSEE
## AT LEBANON

| | |
|---|---|
| **EARNESTINE MOSHIER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )     **Docket No: 21CV608** |
| | ) |
| **PROVIDENCE TRAIL APARTMENTS,** | ) |
| **BR PROVIDENCE NASHVILLE** | ) |
| **MANAGER, LLC, d/b/a** | ) |
| **BR PROVIDENCE NASHVILLE, LLC,** | ) |
| **BLUE ROCK REAL ESTATE, LLC,** | ) |
| **BELL PARTNERS INC.,** | ) |
| **BELL PARTNERSHIP LLC,** | ) |
| **and 146 RYAN, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO THE DEFENDANT BELL PARTNERS INC.

I hereby serve upon the Defendant, the following written Interrogatories and Request for Production of Documents under the provisions of Rule 33 and 34 of the Tennessee Rules of Civil Procedure.

You are required to answer these interrogatories separately and fully in writing under oath and to serve a copy of your answers on the undersigned attorney within thirty days (30) days after service hereof.

These interrogatories shall be continuing in nature until the date of trial, and you are required to serve supplemental answers as additional information may

become available to you as required by Rule 26.05 of the Tennessee Rules of Civil Procedure.

## DEFINITIONS AND INSTRUCTIONS

As used in these Interrogatories and Request for Production of Documents served herewith, the following definitions and instructions shall apply:

(1)     As used herein, the terms "you," "your," or "yourself" refer to the defendant, and each agent, representative, attorney, or other person acting or purporting to act for said defendant.

(2)     As used herein, the term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated associated organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department.

(3)     As used herein, the term "identification," "identify," or "identity" when used in reference to (a) a natural individual, requires you to state his or her full name and residential and business address, and his or her present or last known residence and business telephone numbers; (b) a corporation, requires you to state its full corporate name and any names under which it does business, its state of incorporation, the address of its principal place of business, and the name and address of its registered agent for service of process within the State of Tennessee; or (c) a business, requires you to state the full name under which the business is conducted, its business address, the types of businesses in which it is engaged, and the identity of the person, or persons, who own, operate, and control the business.

(4)     As used herein, the term "communication" means any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons, by any means or made of conveying information, including but not limited to telephone, television, or telegraph.

(5)     As used herein, the term "document" means any medium upon which information can be recorded or retrieved, and includes, without limitation, the original and each copy, regardless of origin and location, of any book, pamphlet, periodical, letter, memorandum, invoice, bill, order form, receipt, financial statement, accounting entry, diary, calendar, telex, fax, telegram, cable, report, record, contract, agreement, study, handwritten note, draft, working paper, chart, paper, print, laboratory

record, drawing, sketch, graph, index, list, tape, photograph, microfilm, data sheet, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced, which is in your possession, custody, or control, or which was, but is no longer, in your possession, custody, or control.

(6)     As used herein, the word "or" appearing in an interrogatory should not be read so as to eliminate any part of the interrogatory, but, whenever applicable, it should have the same meaning as the word "and".

(7)     With regard to the terms defined herein, all terms used in the singular shall include the plural, and all terms used in the plural shall include the singular.

(8)     If any privilege is claimed with respect to any document or communication, identify the document or communication and state the privilege claimed and the basis therefore.

## INTERROGATORIES

1.     For the person or persons answering these Interrogatories, please state your full name, age and date of birth, current address and any prior addresses at which you have lived during the past ten years.  For each prior address, state the duration you lived there and why you moved.  If more than one person participated in answering these Interrogatories, please state which Interrogatories each person answered.

**RESPONSE:**

2.     For each person or persons answering these Interrogatories, please state your position of employment and your relationship to the Defendant, Bell Partners Inc.

**RESPONSE:**

3.     Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these Interrogatories, listing with respect to each such person the number(s) of the interrogatories to which such person was consulted, was relied upon, or otherwise constituted a source of information.

**RESPONSE:**

4.     State when accident or injuries which are the subject of this Complaint first came to the attention of the Defendant, Bell Partner Inc., or any representatives of

Defendant, by whom it was reported, and to whom it was reported. Please state whether any incident report, report of injury, insurance claim report, or accident report(s) was filled out, and provide a copy of said report(s).

**RESPONSE:**

5. State whether or not any statement, interview, or report has been secured from the Plaintiff in connection with this matter, by the Defendant Bell Partners Inc., or any agent of the Defendant, including insurance companies. If so, please identify the date, place, and time the statement, interview, or report was taken; the name and address of the persons connected with taking it; whether the statement was oral, written, taped, recorded, or transcribed; whether it was signed; and upon whose behalf the statement, interview, or report was taken or made. Please attach a copy of any recorded or written statement taken from the Plaintiff. If no recorded or written statement was kept, please provide a detailed description of all information provided to you by the Plaintiff.

**RESPONSE:**

6. Identify by name, address, telephone number, and relationship to any party in this lawsuit all persons believed by you to have knowledge of any discoverable evidence or information relating to either the alleged accident itself or to either the Plaintiff's or your claims for damages in this lawsuit. As part of your response, for each witness so identified briefly describe what discoverable evidence or information said witness is believed to know.

**RESPONSE:**

7.      Identify all persons who the Defendant, Bell Partners Inc., believes to be in possession of, or to have knowledge of, any map, picture, photograph, drawing, or other document relevant to any issue or fact concerning the incident, including the Plaintiff's injuries or any claim that the Plaintiff or some other entity was at fault for said injuries. In identifying said persons, specify name, address, telephone number, and relationship to any party.

**RESPONSE:**

8.      Describe in detail every other accident or injury which has occurred on the common areas of the premises of the Defendant, Bell Partners Inc., during any time when said premises have been under the possession or control of the Defendant within the last ten years. Include the date, time, the nature of any alleged injuries, the alleged cause of said injuries, whether any claim or Complaint was filed or reported against Bell Partners Inc, and if so, the disposition of said claim or Complaint.

**RESPONSE:**

9.      Do you have any knowledge or belief about the origin of the hole on the premises in which Plaintiff Anthony Holt claims that he fell and the placement of the cover that was on the hole at the time of Plaintiff Anthony Holt's fall? If so, please fully describe this knowledge including the name, home address, telephone number and

employer of the person or persons who placed the cover on the hole and/or who performed work on the hole in the three months preceding the fall.

**RESPONSE:**

10.     Please state the names and addresses of every person known by Defendant, Bell Partners Inc., Defendant's representatives, or Defendant's attorneys to have witnessed the accident which is the subject of this Complaint, or who were present at the scene within sixty minutes before or after the accident.  Designate which of such people claim to have witnessed the accident.

**RESPONSE:**

11.     State whether any maintenance or repairs were made to the area of the premises in which the Plaintiff Anthony Holt claims to have fallen which are the subject of this Complaint within three months prior to the accident which is the subject of this Complaint, and if so, state:

(a)     The date of said maintenance or repair;

(b)     The name and address of the person or entity who performed the maintenance or repair;

(c)     The specific nature, in detail, of the maintenance or repair, including the specific location on the premises where the repair was done.

**RESPONSE:**

12.     State whether any maintenance, repairs, or changes have been made to the premises at or near the hole (in which Earnestine Moshier claims to have fallen) subsequent to the accident which is the subject of this Complaint, and if so, state:

(a)     The date of said maintenance, repair, or change;

(b)     The name and address of the person or entity who performed the maintenance, repair, or change;

(c)     The specific nature, in detail, of the maintenance, repair, or change, including the location on the premises where the repair was done.

As part of your response, specifically identify whether any action has been taken to repair or fill in the hole described in Plaintiff's Complaint, or place a new or different type of cover over the hole. If so, describe what action was taken, when said action was taken, and all persons involved.

**RESPONSE:**


13.     List each of the following:

(a)     The names and addresses of those persons who have given to you, your attorney, or any person, firm or corporation acting on your behalf, any statements, accident reports, voice recordings, medical proof of claim forms, reports, or memoranda in any way concerning the incident.

(b)     The name, telephone number, and address of the person, firm or corporation who now has possession of same.

**RESPONSE:**

14.     For each person whom you expect to call as an expert witness at trial, whether the witness is a retained expert or non-retained expert, please state the following:

(a)     The expert's full name, business address and telephone number;

(b)     The expert's occupation;

(c)     The subject matter on which the expert is expected to testify and the expert's hourly deposition fee;

(d)     The substance of the facts and opinions to which the expert is expected to testify, including a summary of the grounds for each opinion; and

(e)     The expert's qualifications to give an opinion (if such information is available on the expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

**RESPONSE:**


15.     List the names, addresses, phone numbers, and training of any persons trained in analyzing, inspecting, investigating, observing, or making calculations based upon accident sites or related factors who have inspected, observed, or otherwise been in contact with the premises upon which the accident which is the subject of this Complaint occurred.  Please also give the dates on which such persons observed the accident site premises and what physical evidence was observed, what measurements were made, what opinions were formed, and what tests were performed.

**RESPONSE:**

16.     With regard to the incident, injuries or accident alleged in the Complaint, state in detail, and in your own words, your understanding of how the Plaintiff's accident and injuries occurred.  Your response must include the following:

(a)     Where on the premises the Plaintiff was at the time of the accident;

(b)     What caused the accident to occur;

(c)     Who was present when Plaintiff was injured;

(d)     Who was notified of the Plaintiff's injury;

(e)      What kind of injuries Plaintiff suffered as a result of the accident, and whether Plaintiff received medical treatment for said injuries.

**RESPONSE:**

17.     Describe in detail any conversation or discussion the Defendant, Bell Partners Inc., or any agent or employee of the Defendant, may have had with the Plaintiff, witnesses, or other persons regarding the incident which is the subject of this Complaint or the Plaintiff's injuries.  Your response must include the names of all parties to the conversation, if known, as well as a recitation of what was said.

**RESPONSE:**

18.     Have you, or any person acting on your behalf, obtained any letter, note, correspondence, computer report, official record, or other document or record relating to the medical condition of the Plaintiff or any prior accidents or injuries which may have involved the Plaintiff?  If so, identify such document or record.

**RESPONSE:**

19.     Have you or anyone working on your behalf, or on behalf of any representative of yours, made any attempt to survey, observe, photograph, and/or record, by any means, the Plaintiff to this action?  If so, describe the result of the attempts, the dates of these attempts, and the identity of all individuals making such attempts.  Please provide complete copies of all documents, exhibits, photographs, movies, videotapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings, that depict the Plaintiff, made by the individuals identified in response to this Interrogatory.  Please note that this Interrogatory is continuing in nature and must be supplemented promptly if any attempt is made before trial to survey, observe, photograph, and/or record the Plaintiff by any means.

**RESPONSE:**

20.     Please state the name and address of any potential party to this lawsuit, not already named as a party hereto.

**RESPONSE:**

21.     Is it your contention that any negligence or fault on the part of the Plaintiff caused or contributed to the accident or injuries which are the subject of this Complaint?  If so, identify and describe in detail every fact or belief which supports your contention.

**RESPONSE:**


22.     Is it your contention that any negligence or fault on the part of any person
or entity not already a party to this action caused or contributed to the accident or injuries
which are the subject of this Complaint? If so, identify and describe in detail every fact
or belief which supports your contention.

**RESPONSE:**


23.     Is it your contention that Plaintiff's accident or injuries were related to or
caused by a hazard on Defendant's, Bell Partners Inc., premises which was open or
obvious? If so, identify and describe in detail every fact which supports your contention,
and state how long the open and obvious hazard or condition had existed on Defendant's
premises. If your reply is that Defendant does not know how long the open and obvious
hazard existed on the premises, explain in detail why Defendant does not know how long
the hazard existed on the premises.

**RESPONSE:**


24.     Is it your contention that Plaintiff Anthony Holt's injuries and/or medical
treatment is not causally related to his fall on the Defendant's, Bell Partners Inc.,
premises? If so, identify and describe in detail every fact or belief which supports your
contention.

**RESPONSE:**

25.     Please specify the last date and time when the area of the premises in which the Plaintiff Anthony Holt claims to have fallen were inspected by the Defendant, Bell Partners Inc., or on the Defendant's behalf prior to the accident which is the subject of this Complaint, as well as the first time the premises were inspected by the Defendant or on the Defendant's behalf subsequent to said accident.  As part of your response, identify the name and address of the person who conducted said inspection.

**RESPONSE:**

26.     Please provide the name, home address, telephone number, and current employer (if known) of all persons working in the capacity of a security guard on the Defendant's, Bell Partners Inc, premises at the time of the incident alleged in the Complaint.

**RESPONSE:**

## PLAINTIFFS' FIRST REQUEST FOR

## PRODUCTION OF DOCUMENTS TO DEFENDANT

Plaintiff requests that the Defendant produce the following documents pursuant to Rules 26 and 34 of the Tennessee Rules of Civil Procedure.

1.      Please produce all documents referred to, identified, or used in answering the Interrogatories set forth above.

**RESPONSE:**

2.      Please produce copies of any and all photographs, diagrams, maps, movies, or videos in your possession that depict the area of the premises in which the Plaintiff Anthony Holt claims to have fallen.  State when, where, why, and by whom said materials were taken or drawn.

**RESPONSE:**

3.      Please produce all documents and exhibits, photographs, movies, video tapes, charts, recordings, or maps on which you are relying to answer the above Interrogatories and Request for Production of Documents, and/or which you plan to present, even if only as demonstrative evidence, at the trial of this matter.

**RESPONSE:**

4.     Please produce all documents, exhibits, photographs, movies, videotapes, surveillance tapes, maps, recordings, charts, drawings, diagrams, and/or computer-generated renderings in your possession that depict the Plaintiff either before or after the accident that is described in the Complaint.

**RESPONSE:**


5.     Please produce all bills or estimates for repair or maintenance to the hole in which Plaintiff claims to have fallen, from 6 months prior to the accident which is the subject of this Complaint to present.

**RESPONSE:**


6.     If you intend to call an expert witness (witnesses) to testify in this case, please produce the following with respect to each such witness:

(a)     A current and complete resume or curriculum vitae for the witness;

(b)     A list of all cases the witness has testified in by way of oral deposition or trial testimony, including the name(s) of the attorney(s) who called the witness, during the five (5) year period immediately preceding your response.

(c)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all defendants, defense law firms, and/or automobile

liability insurance companies during the ten (10) year period immediately preceding your response.

(d)     Produce a list of all compensation received by the witness, including Internal Revenue Service 1099 Forms for all compensation received by the witness, for providing inspections, consulting, reports, depositions, and trial testimony for all plaintiffs and/or plaintiffs law firms during the ten (10) year period immediately preceding your response.

(e)     All raw facts, information, and/or data, including all notes, tests, photographs, videotapes, audio tapes, results, measurements, computer information, data or computer disks or hard drives, or any other information which in any way was relied upon by the witness in preparation of his/her report, analysis, reconstruction, or in the formulation and preparation of the opinions and conclusions contained therein, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case;

(f)     Copies of any and all literature, journal articles, treatises, technical papers or any other written and/or computer generated material or information of any type relied upon in any way in the preparation of the witness' report, analysis, reconstruction, or which form the basis of his/her opinion(s) which you intend to offer at the trial of this case.

**RESPONSE:**

# OATH

**STATE OF TENNESSEE**
**COUNTY OF** _____

_____, being first duly sworn, hereby makes oath and avers that he/she attests the foregoing responses to the Interrogatories and Request for Production of Documents on behalf of St. Thomas Hospital, in his/her capacity as _____, participated in the preparation of same, and that all of the statements made contained therein are true and complete to the best of his/her knowledge, information and belief.

_____
**REPRESENATIVE OF BELL PARTNERS INC.**

_____
Title

Sworn to and subscribed before me on this the _____ day of _____, 20_____ .

_____
NOTARY PUBLIC

My Commission Expires:

Respectfully submitted,

L. Mackenzie Cover, BPR # 036773
Michael D. Ponce & Associates
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Interrogatories, Request for Production of Documents and Request for Admissions was attached to the Complaint and Summons filed with the Court and set to be served upon the Defendants.

1/12/2022
Date

L. Mackenzie Cover

## WAIVER OF SERVICE OF SUMMONS

TO: Megan Calme on behalf of Providence Trail Apartments

I acknowledge receipt of your request that I waive service of a summons in the action of Earnestine Moshier v. Providence Trail Apartments, BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC, Blue Rock Real Estate, LLC, and Bell Partners, Inc. which is civil action number **21CV608** in the Circuit Court for Wilson County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of my signature below.

_____

May 2, 2022
Date

Signature

Printed/typed name: Megan R. Calme of Wilson Elser Moskowitz Edelman and Dicker LLP as counsel for Providence Trail Apartments

## WAIVER OF SERVICE OF SUMMONS

TO: Megan Calme on behalf of Bell Partners, Inc.


I acknowledge receipt of your request that I waive service of a summons in the action of Earnestine Moshier v. Providence Trail Apartments, BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC, Blue Rock Real Estate, LLC, and Bell Partners, Inc. which is civil action number **21CV608** in the Circuit Court for Wilson County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of my signature below.

May 2, 2022
Date                                Signature


Printed/typed name: Megan R. Calme of Wilson Elser Moskowitz Edelman and Dicker LLP as counsel for Bell Partners, Inc.

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Megan Calme on behalf of Blue Rock Real Estate, LLC</u>

I acknowledge receipt of your request that I waive service of a summons in the action of <u>Earnestine Moshier v. Providence Trail Apartments, BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC, Blue Rock Real Estate, LLC, and Bell Partners, Inc.</u> which is civil action number **21CV608** in the Circuit Court for Wilson County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of my signature below.

<u>May 2, 2022</u>
Date

Signature

Printed/typed name: Megan R. Calme of Wilson Elser Moskowitz Edelman and Dicker LLP as counsel for <u>Blue Rock Real Estate, LLC</u>

# WAIVER OF SERVICE OF SUMMONS

TO: <u>Megan Calme on behalf of BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC</u>

I acknowledge receipt of your request that I waive service of a summons in the action of <u>Earnestine Moshier v. Providence Trail Apartments, BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC, Blue Rock Real Estate, LLC, and Bell Partners, Inc.</u> which is civil action number **21CV608** in the Circuit Court for Wilson County, Tennessee. I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after the date of my signature below.

<u>May 2, 2022</u>
Date

Signature

Printed/typed name: Megan R. Calme of Wilson Elser Moskowitz Edelman and Dicker LLP as counsel for <u>BR Providence Nashville Manager, LLC d/b/a BR Providence Nashville, LLC</u>